UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| SHANNAN DAVIS, | Case No. 8:23-cv-02369 |
| Plaintiff, | Demand for a Jury Trial |
| v. | |
| ENHANCE HEALTH LLC, | |
| Defendant. | |

## CLASS ACTION COMPLAINT

### INTRODUCTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls…. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Defendant Enhance Health LLC ("Enhance Health") has contributed to this barrage of telephone spam by initiating illegal calls to Plaintiff Shannan Davis ("Davis").

3. Davis wants this telephone spam to stop. Enhance Health has already been sued at least two other times for telephone spam, but that has not caused Enhance Health to stop spamming.

1

4. Davis brings this action individually, and on behalf of putative class members, to seek injunctive relief and damages.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA. 47 U.S.C § 227.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this district.

## PARTIES

7. Plaintiff Shannan Davis is a resident of Lakeland, Florida.

8. Defendant Enhance Health LLC is a Delaware-registered corporation with its principal place of business in Coral Springs, FL.

## FACTUAL ALLEGATIONS

9. Davis's home, phone, and privacy been invaded by Enhance Health's non-emergency calls.

10. Davis is the residential subscriber of the cell phone number 863-308-5155. Davis uses this phone number at home. Davis makes and takes personal calls and text messages on this phone number.

11. Davis registered the number 863-308-5155 on the national Do Not Call Registry ("DNCR") on June 22, 2023.

12. Enhance Health has initiated calls to Davis at least four times, including the following:

>   i. **Voicemail from +18634013247 on Aug 31, 2023 at 6:33 pm UTC**
>   *My name is Becky from Senior Benefits. How are you today?*

    ii. **Voicemail from +18635781142 on Sep 25, 2023 at 6:48 pm UTC**
*My name is Becky. I am calling you from Senior Benefits on a recorded line how are you?*

    iii. **Call from +18638043268 on Sep 25, 2023 at 10:49 pm UTC**
Davis answered this call. The caller told Davis that her name was Becky from Senior Benefits. Davis told Becky to put her number on their internal do not call list and to not call again.

    iv. **Voicemail from +18637641953 on Sep 27, 2023 at 7:20 pm UTC**
*Hello, this is Chris, and I am calling you from Senior Benefits--- Friday, today. . . Hello, can you hear me? Are you there?*

13. Enhance Health did not disclose its identity in the calls. Instead, they used a fake and generic DBA, "Senior Benefits," to hide behind their illegal telemarketing.

14. More than two dozen other clients of Davis's counsel has reported unwanted and unsolicited telephone spam in which the caller identified themselves using the fake DBA "Senior Benefits."

15. Enhance Health's practice of using the fake DBA Senior Benefits has been reported in at least one previous lawsuit against Enhance Health. See *Hossfeld, v. Enhance Health, LLC*, 0:22-cv-61465, S.D.Fla.

16. Enhance Health is in the business of selling insurance. Their website www.enhancehealth.com says they sell health insurance, dental insurance, life insurance, and more.

17. The calls to Davis were clearly for the purpose of selling insurance products offered by Enhance Health. Otherwise Enhance Health would not be making voluminous and unsolicited calls to Davis, the more than two dozen other clients of Davis's counsel, and many others nationwide.

3

18. On information and belief, Enhance Health initiated the calls using an automated system that randomly or sequentially generated Davis's number as well as that of the more than two dozen other clients of Davis's counsel.

19. Davis never provided the number 863-308-5155 to Enhance Health, never had a relationship with Enhance Health, and never gave permission for Enhance Health to send any type of communication.

20. Enhance Health's calls are a nuisance and annoyance to Davis. The calls have invaded Davis's privacy. The spam has diminished the value of Davis's phone and Davis's enjoyment of life.

21. The calls were especially intrusive, frustrating, and annoying to Davis because Enhance Health purposefully hid its identity. Davis had no idea who was spamming, whether the spammer was somebody whom Davis had previously told to stop, or whether it was safe for Davis to make a do-not-call request. By not disclosing Enhance Health's identity, Enhance Health knowingly tried to prevent Davis from monitoring and enforcing compliance with the TCPA.

## LEGAL STANDARD

22. **National Do Not Call Registry**. Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the national DNCR. 47 C.F.R. § 64.1200(c)(2). The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). Wireless telephone subscribers are allowed to place their number on the DNCR. 47 C.F.R. § 64.1200(e).

23. **Identification of Caller**. The TCPA requires telemarketers to disclose the name of the individual caller and the name of the person or entity on whose behalf the call is being made. 47 C.F.R. § 64.1200(d)(4).

24. **Automatic Telephone Dialing System**. The TCPA prohibits calls to cell phones using an automatic telephone dialing system ("ATDS") except for "emergency purposes" or with the "prior express consent" of the called party. 47 C.F.R. §64.1200(a)(1). Calls that introduce an advertisement or constitute telemarketing require "prior express written consent." 47 C.F.R. § 64.1200(a)(2).

## CLASS ACTION ALLEGATIONS

25. Pursuant to Civ. R. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Davis brings this action on behalf of all other persons similarly situated throughout the United States.

26. Davis proposes the following Classes:

**The DNCR Class**
All people in the United States (1) to whom Enhance Health initiated more than one telephone solicitation within any 12-month period, (2) to their cellular telephone number, (3) while their phone number was listed on the national Do Not Call Registry, (4) within the last four years from the filing of this action.

**The Failure to Identify Class**
All persons in the United States (1) to whom Enhance Health initiated more than one telemarketing call or text message within any 12-month period, (2) to their cellular telephone number, (3) without disclosing the name of the individual initiating the calls and the name of the entity on whose behalf the calls were made, (4) within the last four years from the filing of this action.

**The ATDS Class**
All people in the United States (1) to whom Enhance Health initiated more than one or more call or text message to their cellular telephone,

5

(2) using the same equipment or type of equipment utilized to initiate calls to Davis, (3) within the last four years from the filing of this action.

27. Davis does not know the exact number of class members but reasonably believes the number to be in the thousands, thus making joinder of all class members impracticable.

28. Class members are identifiable through phone records and phone number databases.

29. There are questions of law and fact common to Davis and the class member including but not limited to:

   i. Whether Enhance Health initiated the calls.

   ii. Whether Enhance Health's calls violated the law.

   iii. Whether Davis and class members are entitled to statutory damages, trebled damages, and injunctive relief.

30. Davis's claims are typical of the claims of the class members. Davis's claims, like the class members' claims, arise out of the same common course of conduct by Enhance Health and are based on the same legal and remedial theories.

31. Davis is an adequate representative of the class because Davis's interests do not conflict with the interests of the class members, Davis will fairly and adequately protect the interests of the class members, and Davis is represented by counsel skilled and experienced in class actions, including TCPA class actions.

32. Common questions of law and fact predominate over questions affecting only individual class members.

33. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the damages are statutory. Notice to class members can be provided by mail or other means. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

34. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
### Illegal Solicitation of Persons on the DNCR
### (On Behalf of Davis and the Do Not Call Class)

35. Enhance Health violated 47 C.F.R. § 64.1200(c)(2) by initiating calls to Davis and members of the DNCR Class while their phone numbers were on the DNCR.

36. Davis and members of the DNCR Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

37. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

38. The court should enjoin such violations. *Id.*

## SECOND CAUSE OF ACTION
### Failure To Identify
**(On Behalf of Davis and the Failure to Identify Class)**

39. Enhance Health violated 47 C.F.R. § 64.1200(d)(4) by initiating calls to Davis and members of the Failure to Identify Class without disclosing the name of the individual initiating the calls and the name of the person or entity on whose behalf the calls were made.

40. Davis and members of the Failure to Identify Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

41. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

42. The court should enjoin such violations. *Id.*

## THIRD CAUSE OF ACTION
### Illegal Use of an Automatic Telephone Dialing System
**(On Behalf of Davis and the ATDS Class)**

43. Enhance Health violated 47 C.F.R. § 64.1200(a)(1)-(2) by using an ATDS to contact Davis and members of the ATDS Class.

44. Davis and members of the ATDS Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(b)(3).

45. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

46. The court should enjoin such violations. *Id.*

## RELIEF REQUESTED

Davis respectfully requests the Court grant the following relief:

A. Certification of the proposed Classes;

B. Appointment of Davis as class representative;

C. Appointment of the undersigned as lead counsel for the Classes;

D. Injunctive relief as set forth above;

E. An award of damages to Davis and class members, as allowed by law;

F. An award of fees, costs, and interest, as allowed by law; and

G. Orders granting such other relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Davis requests a jury trial as to all claims of the Complaint so triable.

DATED October 18, 2023

Respectfully submitted,

*/s/ John Kauffman*
John Kauffman
Florida Bar No. 538205
LawHQ, PC
299 S. Main St. #1300
Salt Lake City, UT 84111
385-285-1090
john.kauffman@lawhq.com

*Lead Counsel for Plaintiff*