IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

SHANNAN DAVIS, individually and on behalf of all others similarly situated,

    *Plaintiffs*,

v.

ENHANCE HEALTH, LLC,

    *Defendant*.

Case No. 8:23-CV-02369-WFJ-SPF

CLASS ACTION

JURY TRIAL REQUESTED

## DEFENDANT ENHANCE HEALTH, LLC'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

I.  INTRODUCTION

Defendant Enhance Health, LLC ("**Enhance**") has absolutely nothing to do with Plaintiff Shannan Davis. Enhance did not call Plaintiff. Enhance did not receive any calls from any vendors having anything to do with Shannan Davis. In fact, to the best of Enhance's knowledge, no agent or representative of Enhance has ever had anything to do with anyone either named Shannan Davis or bearing her telephone number. While typically telemarketing litigation involves a dispute of facts between the parties regarding whether plaintiff interacted with defendant, **there is not a single non-conclusory allegation in the Complaint that would create a viable link between Enhance and Plaintiff**. Instead, the <u>sole</u> link between Plaintiff and Enhance is that last year an unrelated Plaintiff accused Enhance of receiving a lead from a third-party vendor using "the fake DBA 'Senior Benefits.'" Compl., ¶ 14. That is it. That flimsy allegation does not warrant dragging Enhance into this action and immediate dismissal is warranted.

Regardless, the Complaint should be dismissed for the following separate and independent reasons:

*First*, the Court should dismiss the Complaint for lack of federal subject matter jurisdiction pursuant to Rule 12(b)(1) because Plaintiff has not met the requisite elements for Article III standing—specifically, causation and redressability. In this regard, Plaintiff fails to plead sufficient facts tracing her purported injuries to Enhance or explaining how any relief from Enhance will redress alleged injuries caused to her by

third parties.

***Second***, Plaintiff fails to allege specific, non-conclusory facts supporting Enhance's direct or vicarious liability under the TCPA, as required to state these claims. Specifically, she fails to plead facts supporting a plausible inference that: (i) Enhance itself, as opposed to some unnamed third party, "physically" made the calls at issue, as required for direct TCPA liability; or (ii) Enhance had an agency relationship with and/or control over any third parties who made the calls alleged, as required for vicarious TCPA liability. Courts routinely dismiss TCPA claims in their entirety under Rule 12(b)(6) on these grounds alone.

***Third***, Plaintiff's failure to include any allegations regarding a threat of potential future injury requires dismissal of her claim for injunctive relief.

***Finally***, Plaintiff does not provide any facts remotely suggesting any violation here was "willful or "knowing" so as to justify treble damages under the TCPA. Instead, Plaintiff merely parrots the language of the statute. This conclusory allegation justifies dismissal of Plaintiff's claims for a "willful or knowing" violation.

## II.   LEGAL STANDARD

### a.   Rule 12(b)(1) – Lack of Subject Matter Jurisdiction (Standing)

A complaint is properly dismissed under Fed. R. Civ. P. 12(b)(1) where there is a lack of subject matter jurisdiction. *See Cherry v. F.C.C.*, 2009 WL 4668405, at *5 (M.D. Fla. Dec. 3, 2009) (citing *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n. 42 (11th Cir. 1991)). To establish Article III standing, Plaintiff must plausibly allege

that: (i) she suffered a concrete and particularized "injury in fact," (ii) there is a causal connection between her injury and the conduct complained of (i.e., causation), and (iii) her injury is capable of being redressed by a favorable decision (i.e., redressability). *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014).  Additionally, "[t]he party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561.

Like under Rule 12(b)(6), conclusory allegations are insufficient under Rule 12(b)(1). *See, e.g., Tomelleri v. Natale*, 2020 WL 5887151, at *2 (S.D. Fla. July 16, 2020); *see also Hicks v. Alarm.com, Inc.*, 2020 WL 9261758, at *5 (E.D. Va. Aug. 6, 2020) (dismissing TCPA case under Rules 12(b)(1) and 12(b)(6) because "[b]ased on the deficiencies identified under Rule 12(b)(6), Plaintiff also fails to properly plead causation and redressability" for Article III standing).

### b. 12(b)(6) Standard

Rule 12(b)(6) provides for dismissal where a plaintiff fails to sufficiently plead a claim for relief. A "bare assertion" and "conclusory allegation[s]" will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). A "formulaic recitation of the elements" of a claim also fails to meet the requisite pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, Plaintiff must "include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012) (abrogated on other grounds *by New York State Rifle & Pistol Ass''n,*

*Inc. v. Bruen*, 142 S. Ct. 2111 (2022)). "Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal" under Rule 12(b)(6). *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003); *see also Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1337 (11th Cir. 2012) ("Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible."). Where (as here) a statute upon which a claim is based is unconstitutional, dismissal under Rule 12(b)(6) is also appropriate. *See Harris v. Mex. Specialty Foods, Inc.,* 564 F.3d 1301, 1308 (11th Cir. 2009).

### III.  ARGUMENT

#### a. The Complaint should be dismissed because Plaintiff lacks Article III standing.

To satisfy Article III causation, a plaintiff's "injury in fact" must be "fairly traceable" to the <u>defendant's</u> conduct. *Lexmark*, 572 U.S. at 125; *see also Lujan,* 504 U.S. at 560-61 (an injury is not fairly traceable to the defendant if the injury complained of is "th[e] result [of] the ***independent action of some third party*** not before the court") (quoting *Simon v. Eastern Ky. Welfare Rights Org.,* 426 U.S. 26, 41–42 (1976)) (emphasis added). Here, Plaintiff failed to plead facts showing any conduct attributable to Enhance, as opposed to an unknown third party that employed the generic name "Senior Benefits." Plaintiff likewise fails to plead any facts from which the Court could infer that Enhance had any relationship with the unknown third party. Consequently, any alleged "injury" Plaintiff may have suffered as a result of the unknown third party's actions are not fairly traceable to Enhance. Thus, Plaintiff lacks

5

Article III standing and the Complaint should be dismissed under Rule 12(b)(1). *See, e.g., Hicks*, 2020 WL 9261758, at *5 (holding that "[b]ased on the deficiencies identified under Rule 12(b)(6), Plaintiff also fails to properly plead causation and redressability" for Article III standing); *Barker v. Sunrun Inc.*, 2019 WL 1983291, at *3 (D.N.M. Apr. 29, 2019) (ruling similarly); *see also Scruggs v. CHW Grp., Inc.*, 2020 WL 9348208, at *8 (E.D. Va. Nov. 12, 2020) (holding that "[h]aving found that the contested calls are not fairly traceable to [the defendant] in the context of standing [under Rule 12(b)(1)], the Court also finds that [plaintiff] has not adequately pled facts under the [*Twombly/*]*Iqbal* pleading standards supporting direct or vicarious liability under the TCPA" under Rule 12(b)(6)).

Moreover, for the same reasons, Plaintiff also has not shown her claims can be adequately redressed by Enhance. Redressability means a non-speculative "likel[ihood]" that the injury alleged will be remedied "by a favorable decision." *See Lujan*, 504 U.S. at 560-61. Here, as the Complaint fails to plausibly allege that Enhance controls the number that allegedly called Plaintiff, it is impossible for the Court to award any relief that the injury alleged would be remedied by any order of Court. This inadequacy provides a separate basis for dismissal.[1]

### b. Plaintiff's Complaint does not allege sufficient facts to support *any* theory of liability against Enhance and should be dismissed in its entirety.

---

[1] Of course, because Plaintiff "lacks standing to bring the asserted claims on [her] own behalf" against Enhance, she also "lacks standing to represent a class asserting such claims." *Atkinson v. Wal-Mart Stores, Inc.*, 2009 WL 1458020, at *4 (M.D. Fla. May 26, 2009); *see also Chapman v. CKE Restaurants Holdings, Inc.,* 2020 WL 1230130, at *7 (E.D.N.C. Mar. 12, 2020) (ruling similarly).

To survive dismissal, Plaintiff must plausibly allege one of two potential theories of liability under the TCPA against Enhance: (1) direct liability; or (2) vicarious liability. *See Carson v. Home Depot, Inc.*, 2022 WL 2954327, at *5 (N.D. Ga. July 26, 2022). As shown below, Plaintiff does not plausibly allege either. Thus, her Complaint should be dismissed.

> *i. Plaintiff fails to plausibly allege direct liability against Enhance.*

Direct liability applies <u>only</u> to persons or entities that "make" or "initiate" calls in violation of the TCPA and its implementing regulations. *See Carson*, 2022 WL 2954327, at *5; *Cabrera v. Gov't Emps. Ins. Co.*, 452 F. Supp. 3d 1305, 1316 (S.D. Fla. 2014). "[A] person or entity 'initiates' a telephone call when it takes the steps necessary to ***physically place*** a telephone call, and generally does not include persons or entities, such as third-party [entities] that might merely have ***some role***, however minor, in the causal chain that results in the making of a telephone call." *In re Joint Petition filed by Dish Network, LLC*, 2013 WL 1934349, 28 F.C.C Rcd. 6574, 6583 ¶ 26 (emphasis added); *see also Gayle v. Bill Holt Automotive, Inc.*, 2023 WL 6192733, at *8 n.5 (N.D. Ga. July 10, 2023) (finding that the FCC's interpretation of the TCPA is entitled to deference). Thus, for direct TCPA liability to attach, Plaintiff must plausibly allege ***Enhance itself—not a third party—physically took the steps to initiate calls to her number***. "Merely alleging that [a defendant] 'made' or 'initiated' [a] call is not sufficient to allege a [direct] TCPA [liability] claim." *Frank v. Cannabis & Glass, LLC*, 2019 WL 4855378, at *2 (E.D. Wash. Oct. 1, 2019).

Here, Plaintiff has not plausibly alleged that Enhance actually, physically initiated the calls at issue for at least two reasons:

**First**, Plaintiff does not allege any *facts* from which to infer that any of the calls originated from a phone number that "belongs" to Enhance. Plaintiff's conclusory allegation that "Enhance Health has initiated calls to Davis," Compl. ¶ 12, without any factual support whatsoever, is simply insufficient to avoid dismissal. *See Metzler v. Pure Energy USA LLC*, 2023 WL 1779631, at *5-6 (S.D.N.Y. Feb. 6, 2023) (dismissing with prejudice, finding allegation that defendant "own[ed] or operate[ed] the telephone number from which the offending call originated" entirely conclusory); *Smith v. Vision Solar LLC*, 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020) (allegations that "[d]efendant contacted or attempted to contact [plaintiff] from multiple telephone numbers confirmed to belong to Defendant" insufficient to justify that the call actually came from defendant); *Childress v. Liberty Mut. Ins. Co.*, 2018 WL 4684209, at *3 (D.N.M. Sept. 28, 2018) (finding no direct liability where "there [were] no factual allegations that [d]efendant actually made the telephone call at issue," and holding that "[t]he mere conclusion that the [dialer used] belonged to [d]efendant, without any factual allegations to support that conclusion, does not constitute a factual allegation that, if proven, would establish that [d]efendant 'made,' or 'physically placed' the call").

**Second**, Plaintiff does not allege that any caller identified themselves as an employee or agent of Enhance or tried to sell him Enhance products or services during any of the calls. The sole link to Enhance is an unverified, unsubstantiated lawsuit that

8

involved an allegation that a third-party identified themselves as "Senior Benefits" and ultimately that plaintiff was transferred to someone that worked for Enhance. Here, Plaintiff does not allege (nor can she allege) that she has had any connection to Enhance whatsoever. An allegation in an unrelated lawsuit involving someone that **actually is alleged to have been connected to Enhance** are wholly insufficient to support a plausible inference that Enhance, as opposed to a third-party, physically initiated the *calls* at issue. This remains true even if the caller had solicited Enhance's health insurance products during the calls (which is not even alleged here). *See, e.g., Wick v. Twilio Inc.*, 2017 WL 2964855, at *3 (W.D. Wash. July 12, 2017) ("The FCC recognizes that merely offering a good or service for sale does not mean that a retailer initiates the marketing calls for that product" for direct TCPA liability purposes); *Hamilton v. El-Moussa,* 2020 WL 2614625, at *2 (C.D. Cal. Feb. 10, 2020) (email from defendant received after at-issue call insufficient for vicarious liability).

Accordingly, Plaintiff's conclusory allegations are inadequate to state a claim for direct TCPA liability, and the Complaint should be dismissed in its entirety under Rule 12(b)(6) on this basis alone.

> ii. *Plaintiff fails to plausibly allege vicarious liability against Enhance.*

The FCC has concluded that vicarious liability under federal common law agency principles is available for violations of section 227(b) of the TCPA under certain circumstances. *See In Re Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6586 (2013). Vicarious liability in any context requires a special consensual

relationship between a principal and an agent. *See* Restatement (3d) of Agency ("Restatement") § 1.01, cmt. c ("[T]he concept of agency posits a consensual relationship in which one person, to one degree or another or respect or another, acts as a representative of or otherwise acts on behalf of another person with power to affect the legal rights and duties of the other person."). This requires "more than mere passive permission; it involves request, instruction, or command." *Linlor v. Five9, Inc.*, 2017 WL 5885671, at *3 (S.D. Cal. Nov. 29, 2017). And "[t]hough 'the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed.'" *Meeks v. Buffalo Wild Wings, Inc.*, 2018 WL 1524067, at *5 (N.D. Cal. Mar. 28, 2018) (citation omitted).

Further, while the touchstone of agency is "control," general control over an agent is not enough. Instead, Plaintiff must plead specific non-conclusory facts suggesting Enhance had control over the "manner and means" of the calls at issue. *See, e.g., In re: Monitronics Int'l, Inc., TCPA Litig.*, 223 F. Supp. 3d 514, 520 (N.D. W.Va. 2016), *aff'd sub nom.* 885 F.3d 243 (4th Cir. 2018) ("[I]n order to prove actual agency, the plaintiff must show that the defendant controlled or had the right to control the purported agent and, ***more specifically, the manner and means of the solicitation campaign that was conducted***.") (emphasis added); *see also Cunningham v. Daybreak Solar Power, LLC*, 2023 WL 3985245, at *3 (N.D. Tex. June 13, 2023) (ruling similarly).

As noted above, Plaintiff contends the calls originated from a third party using the trade name "Senior Benefits," but she provides no facts from which to infer that Enhance

10

had an agency relationship with that unknown third party or that Enhance directed, controlled, or had knowledge of any calling campaigns this individual may have initiated. Courts routinely dismiss similarly deficient claims premised on vicarious liability at the pleadings stage. *See, e.g., Hirsch v. Lyndon S. Ins. Co.*, 2019 WL 5110622, at *6 (M.D. Fla. June 7, 2019), *report and rec. adopted sub nom. Hirsch v. Ensurety Ventures, LLC*, 2019 WL 8370863 (M.D. Fla. Aug. 6, 2019), *aff'd*, 805 F. App'x 987 (11th Cir. 2020) (dismissing, holding the FCC "has explicitly rejected a theory of liability under the TCPA against the seller of a product for telephone calls marketing that product absent an agency or similar relationship between the seller and the caller"); *Abramson v. 1 Glob. Capital, LLC*, 2015 WL 12564318, at *3 (S.D. Fla. Sept. 23, 2015) (dismissing where "allegations of vicarious liability [we]re conclusory in nature").

If the Court allows this case to proceed, it would allow any plaintiff to sue any defendant for any call made involving products **in the same industry** as defendant. Again, the sole link between Plaintiff and Enhance is a lawsuit where an unknown third party is accused of using the same generic trade name as the calls at issue in this action. That is simply not enough to allow Plaintiff the ability to drag Enhance into this case.

The Complaint should be dismissed in its entirety on this additional basis. *See, e.g., Abramson*, 2015 WL 12564318, and *Hirsch,* 2019 WL 5110622.

### c. The Complaint must be dismissed because Plaintiff lacks Article III standing with regard to injunctive relief.

Plaintiff separately lacks Article III standing to seek injunctive relief in any event, which requires that she establish "continuing, present adverse effects" traceable

to Enhance's conduct. *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974); *see also Schaevitz v. Braman Hyundai, Inc.*, 437 F. Supp. 3d 1237, 1251–52 (S.D. Fla. 2019) (dismissing request for injunctive relief in TCPA case for lack of standing where there was nothing suggesting possible future injuries). Here, Plaintiff alleged she received four calls over a twenty-eight-day period, but does not allege any continuing or possible future injury. And of course, because Plaintiff "lacks [Article III] standing to bring the asserted claims on h[er] own behalf" against Enhance, she also "lacks standing to represent a class asserting such claims." *Atkinson*, 2009 WL 1458020, at *4.

The case of *Zononi v CHW Group, Inc.*, 22-CV-14358, 2023 WL 2667941, at *5 (SD Fla Mar. 7, 2023), is instructive. In *Zononi*, in response to similar allegations of injunctive relief in the operative pleading, the Court held:

> Here, Defendant argues the FAC fails to allege facts that show a likelihood of future injury, and the request for injunctive relief should therefore be dismissed (DE 13 at 17-18). The Court agrees. After reviewing the FAC, the Court finds no allegations to suggest a threat of future injury, other than the mere fact of past injuries. Without more, past injuries alone do not suffice. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) ("[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief.").

The Court should reach the same conclusion here and dismiss the Complaint as to all requests for injunctive relief.

### d. Plaintiff fails to adequately allege a "willful" or "knowing" violation.

Plaintiff fails to include any allegations that would give rise to a finding of willful or knowing violations of the TCPA. Specifically, Plaintiff does not allege that the calls at issue were made by **anyone** knowingly or willfully. Plaintiff's allegations on this front

12

are entirely conclusory and thus do not meet federal pleading standards either. *See, e.g.*, *Canary v. Youngevity Int'l, Inc.*, No. 2019 WL 1275343, 2019 WL 1275343, at *9 (N.D. Cal. Mar. 20, 2019) (dismissing claim for alleged willful/knowing TCPA violations, in part, because it "consist[ed] of nothing more than bare-bones legal conclusions"); *Lucas v. Monitronics Int'l, Inc.*, No. 1:17-cv-374, 2020 WL 6440255, at *2 n.3 (S.D. Ohio Nov. 3, 2020) (declining to award treble damages for motion for default judgment on §227(c)(5) claim, holding that "plaintiff's conclusory allegation that [defendant's] actions were 'willful' is nothing more than a legal conclusion couched as a factual allegation" ) (citing *Twombly*, 550 U.S. at 555). Dismissal of Plaintiff's claims seeking treble damages are independently warranted here.

## IV. CONCLUSION

Enhance does not belong in this case. The Court should dismiss the Complaint in its entirety and force Plaintiff to either explain why she believes Enhance should be in the case or dismiss this action.

Dated: December 4, 2023               Respectfully Submitted,

**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440

By: *s/ Yaniv Adar*
Josh A. Migdal, Esq.
Florida Bar No. 19136
josh@markmigdal.com
Yaniv Adar, Esq.
Florida Bar No. 63804
yaniv@markmigdal.com
eservice@markmigdal.com

*Attorneys for Defendant Enhance Health, LLC*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 3.01(g), the undersigned certifies that counsel for Defendant conferred in good faith with counsel for Plaintiff regarding the substance of the foregoing Motion on December 4, 2023, via email. The parties were unable to reach an agreement and, thus, the Motion is opposed.

/s/ Yaniv Adar
Yaniv Adar

## CERTIFICATE OF SERVICE

The undersigned certifies that, on December 4, 2023, the foregoing was filed electronically. Notice of this filing will be sent to all parties, via their counsel of record, by operation of the Court's electronic filing and docketing system.

/s/ Yaniv Adar
Yaniv Adar
